UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex. rel. ARTHUR BROWN, Petitioner, v. ROGER E. WALKER, Director, Illinois Department of Corrections; and HONORABLE LISA MADIGAN, Illinois Attorney General, Respondents. | No. 05 C 7234<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Petitioner, Arthur Brown, filed a Petition for Writ of Habeas Corpus against Respondents. Presently pending before the Court is Respondent Roger Walker's Motion to Dismiss for lack of subject matter jurisdiction.

In reviewing a motion to dismiss for lack of subject matter jurisdiction, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the petitioner. *See Alicea-Hernandez v. The Catholic Bishop of Chicago*, 320 F.3d 698 (7th Cir. 2003); *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). If the motion to dismiss is based on denials of the truth of the allegations, however, the court may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979); *see also Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993); *Amoakowaa v. Reno*, 94 F. Supp. 2d 903, 905 (N.D. Ill. 2000).

Here, Brown, was found guilty on three criminal counts by a jury in the Circuit Court of Cook County. Brown's subsequent appeals failed. Brown served his sentence of incarceration and mandatory supervised release and is not presently in custody.

Walker seeks to dismiss the Petition, contending that this Court does not have subject matter jurisdiction over the case because Brown is no longer in custody.

The Writ of Habeas Corpus is known as the Great Writ; but its power is not without boundaries, as the law governing habeas corpus relief is codified by statutes, including 28 U.S.C. § 2241 and 28 U.S.C. § 2254. United States district courts have jurisdiction to hear a petition for a writ of habeas corpus pursuant to a state court judgment only if the person seeking relief is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); *see Maleng v. Cook*, 490 U.S. 488, 490 (1989) (*Maleng*).

A person need not be in physical custody to fulfill the "in custody" requirement. *See Jones v. Cunningham*, 371 U.S. 236 (1963) (*Jones*). If a person has been released from prison but is still serving a term of parole (or mandatory supervised release ("MSR") in Illinois), he remains "in custody" for the purposes of habeas corpus. *See Jones*, 371 U.S. at 377. A person is also "in custody" if he is no longer incarcerated or under MSR but filed a petition for a writ of habeas corpus while he still was incarcerated or under MSR. *See Carafas v. LaVellee*, 391 U.S. 234, 238 (1968) (*Carafas*). However, a person is not "in custody under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed." *Maleng*, 490 U.S. at 491; *see also Carafas*, 391 U.S. at 238. Furthermore, the collateral consequences of an expired conviction are not sufficient to render a person "in custody." *See Maleng*, 490 U.S. at 491.

2

Brown allegedly did not receive a fair trial, which resulted in his being wrongly incarcerated and placed under MSR by the State of Illinois. Brown concedes that he is not presently in the physical custody of the Illinois Department of Corrections or under MSR and that he filed his petition after he served his full sentence. He contends, however, that he is "in custody" because his allegedly unlawful convictions have: (1) given him no other means of challenging the state convictions in federal court; (2) prevented him from fully litigating a related federal civil rights case; and (3) caused "presumed collateral consequences of a criminal conviction," such as deleterious effects on his life, welfare and well being, social standing in the community, limited opportunities for employment, and future enhanced criminal penalties.

No authority exists supporting Brown's arguments, and they are insufficient to a determination that he is "in custody" for purposes of his habeas corpus petition. Brown concedes that the proper remedy to challenge his convictions lies in 42 U.S.C. § 1983. *See Carr v. O'Leary*, 167 F.3d 1124, 1127 (7th Cir. 1999). Brown is currently pursuing a 42 U.S.C. § 1983 case.

Brown is not "in custody," as is required by 28 U.S.C. § 2241(c)(3) and 28 U.S.C. § 2254(a); and, as such, this Court does not have subject matter jurisdiction to hear his Petition. Accordingly, Respondent's Motion to Dismiss is granted; and Petitioner's Petition for Writ of Habeas Corpus is dismissed with prejudice.

Dated: April 27, 2006

JOHN W. DARRAH
United States District Court Judge